Robert A. Krause (WSB # 5-2824)
Mel C. Orchard, III (WSB # 5-2894)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248 Fax

*Attorneys for Plaintiff*

**UNITED STATE DISTRICT COURT**
**DISTRICT OF WYOMING**

| | |
|---|---|
| MICHELLE OLIVER,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTHTECH MANAGEMENT SERVICES, INC., and WILLIAM D. PATTEN,<br><br>Defendants. | Civil No. 14-CV-168-S |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR STAY PROCEEDINGS**

Plaintiff, Michelle Oliver, by and through her attorneys, Robert A. Krause and Mel C. Orchard, III, of THE SPENCE LAW FIRM, LLC, hereby files her response in opposition to Defendants' Motion to Dismiss, and states as follows:

## A. BACKGROUND

Plaintiff Michelle Oliver was injured when Dr. Jeffrey Hansen, an employee of Powell Valley Healthcare, Inc. (PVHC), performed a botched ACL reconstruction on her left knee.

*Complaint*, ¶ 11. After the surgery, Ms. Oliver continued to experience ongoing pain and limited movement in her knee, necessitating two follow-up procedures by Dr. Hansen. *Complaint*, ¶ 12-14. Ultimately, she had to undergo a second ACL reconstruction, in which a specialist repaired the damage caused by Dr. Hansen. *Complaint,* ¶ 14. Ms. Oliver will likely need a full knee replacement in the near future. *Complaint*, ¶ 15.

Ms. Oliver filed this action against HealthTech Management Services, Inc. ("HealthTech") and William Patten on August 15, 2014. HealthTech has a contractual relationship with PVHC, whereby HealthTech provides third-party management services to help operate PVHC's facilities. *Complaint*, ¶ 32. Accordingly, HealthTech provides and employs the CEO of PVHC. *Complaint,* ¶ 32. Mr. Patten became the CEO of PVHC in February 2012 and was empowered to hire, fire, supervise and discipline Dr. Hansen. *Complaint,* ¶ 33-34. Although they were aware of complaints and concerns relating to Dr. Hansen's competence, infection rate and surgical complications, Mr. Patten and HealthTech failed to exercise their managerial duty to protect Ms. Oliver. *Complaint,* ¶ 36-38. Ms. Oliver's complaint states claims against Defendants for "negligently credentialing, hiring, supervising, disciplining, monitoring, reviewing, training, and extending privileges to Dr. Hansen." *Complaint*, ¶ 44.

Ms. Oliver filed an application for claim review pursuant to the Wyoming Medical Review Panel Act of 2005 ("WMRP Application") on August 11, 2014, seeking the Panel's review of her potential claims against Dr. Hansen and PVHC. *See* WYO. STAT. ANN. § 9-2-1513 to 1523 (2014). Out of an abundance of caution, Ms. Oliver also named HealthTech in her WMRP Application. *Complaint*, ¶ 7.

Defendants seek dismissal without prejudice of Ms. Oliver's complaint or a stay of the proceedings pending resolution of the Wyoming Medical Review Panel ("WMRP"). In support

of this position, Defendants first argue that Ms. Oliver's claims against HealthTech cannot be brought until resolution of the WMRP. Curiously, Defendants do not argue that Ms. Oliver's claims against them are subject to the WMRP Act, instead, they rely on the fact that Ms. Oliver named HealthTech in her WMRP Application. In its WMRP Answer, however, Defendant HealthTech admits that the WMRP does not have the authority to review Ms. Oliver's claims against it. Defendants further argue that Ms. Oliver has impermissibly split her claims by filing her claims against them in this Court while seeking WMRP review of her potential claims against PVHC and Dr. Hansen. Finally, Defendants argue that PVHC and Dr. Hansen are necessary parties under Rule 19 of the Federal Rules of Civil Procedure. These last two arguments ignore an abundance of authority stating that a plaintiff need not join joint tortfeasors in a single action. *See Temple v. Synthes Corp., Ltd.*, 488 U.S. 5, 7 (1990)(discussing Rule 19); *Harris v. Grizzle*, 599 P.2d 580, 585 (Wyo. 1979)(discussing claim splitting).

## B. Legal Standard

In ruling on Defendants' motion to dismiss, this Court should view the facts in the light most favorable to Ms. Oliver. *See Burnett v. Mortgage Electronic Registration Systems, Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). The Court may consider the contents of HealthTech's WMRP Answer, as it is central to Ms. Oliver's claims and the status of the WMRP proceedings are referenced in her complaint. *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1281, 1384 (10th Cir. 1997).

## C. Legal Analysis

### 1. *According to the plain language of the WMRP Act, Ms. Oliver's claims against Defendants are not subject to the Act*

Defendants first argue that the Court should dismiss this action without prejudice because by filing her complaint before the WMRP decision was rendered, Ms. Oliver did not comply with the WMRP Act. *See* § 9-2-1518. Defendants do not explain why they believe that the WMRP Act's procedural limitations apply to them, but are content to rely on the fact that Ms. Oliver cautiously named HealthTech in her WMRP Application. The scope of the WMRP Act is expressly limited to malpractice claims against health care providers, which must be presented to the WMRP before a complaint is filed in court.[1] § 9-2-1518. Ms. Oliver's claims against Defendants are not subject to the WMRP Act because Defendants do not fall within the Act's definition of healthcare provider and Ms. Oliver's claims against them are not malpractice claims. *See* § 9-2-1515.

The WMRP Act defines "health care provider" as a:

> [P]erson or facility licensed, certified or otherwise authorized by the law of this state to provide health care in the ordinary course of business or practice of a profession, but does not include a person who provides health care solely through the sale or dispensing of drugs or medical devices.

§ 9-2-1515 (emphasis added).

This definition serves the Act's purpose of discouraging frivolous suits against health care providers with the ultimate goal of increasing access to affordable heath care services. *See* § 9-2-1514; *Hoem v. State*, 756 P.2d 780, 783 (Wyo. 1988)(discussing an earlier version of the WMRP Act). Defendants have not alleged that they are in any way licensed, certified or authorized to provide health care under Wyoming law. *See* WYO. STAT. ANN. §§ 35-2-901 to

---

[1] This limited scope is also defined in the Wyoming Constitution and any enlargement of scope would be unconstitutional. Wyo. Const. art. 10, § 4 (b)(i); *see Hoem v. State*, 756 P.2d 780 (Wyo. 1988) (holding that an earlier version of WMRP Act was unconstitutional because it violated equal protection).

902 (2014)(defining the types of healthcare facilities that require state licensure). To the contrary, HealthTech expressly denies that Defendants have ever had the authority to exercise independent medical judgment or even to question Dr. Hansen's medical judgment. In its WMRP Answer, attached as Exhibit 1, HealthTech stated: "HealthTech and its employees are not authorized to exercise control over matters relating to the practice of medicine or exercise control over matters relating to the exercise of medical judgment…" (Exh. 1, p. 2.) Given Defendants' complete absence of medical expertise, state licensing or other authorization to practice medicine, applying the WMRP Act to Ms. Oliver's claims would not further the Act's objective of creating health care cost savings for Wyoming citizens.

The WMRP Act's scope is further limited to malpractice claims, defined as:

> [A]ny claim against a health care provider for alleged medical treatment, alleged lack of medical treatment, or other alleged departure from accepted standards of health care which results in damage to the patient.

§ 9-2-1515 (a)(ii).

Accordingly, the WMRP does not have jurisdiction to review Ms. Oliver's claims against Defendants, which relate to Defendants' failure to exercise their managerial duty to supervise, monitor and credential Dr. Hansen. *See Wootton v. Singer*, No. 172-176, 2008 WL 5705218, at *1 (D.Wyo. Dec. 1, 2008) ("Plaintiff's negligence claim falls under the Act's definition of malpractice claim but her sexual battery and intentional infliction of emotional distress claims do not."). In fact, in its WMRP Answer, HealthTech agreed, stating: "HealthTech expressly denies that the Wyoming Medical Review Panel has any authority to consider any claims relating to the credentialing, monitoring or supervision of physicians in a hospital." (Exh. 1, p.2.) Because Ms. Oliver's claims against Defendants are not malpractice claims, they are not subject to the WMRP Act. *See Wootton*, No. 172-176, 2008 WL 5705218 at *1; *Van Slyke v. Columbia*

*Memorial Hospital, Inc.* 459 N.Y.S.2d 1013, 1014 (N.Y.Sup.Ct. 1983) ("In determining whether a potential staff member is licensed and possesses the requisite professional qualifications… No exercise of medical skill or experience is involved.").

2. *Ms. Oliver has not split her claims because she has only filed one action and her claims against HealthTech and Mr. Patten are distinct from her claims against PVHC and Dr. Hansen*

Defendants next argue that Ms. Oliver has impermissibly "split her cause of action" by pursuing her claims against them while also pursuing review of her potential malpractice claims against PVHC and Dr. Hansen with the WMRP. *Def.s' Motion to Dismiss*, ¶ 6. The rule against claim splitting gives district courts the "discretion to control their dockets by dismissing duplicative cases." *Katz c. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). The Tenth Circuit analyzes claim splitting as closely related to res judicata. *Id.* at 1218; *see Mid-Continent Cas. Co v. True Oil Co.*, 767 F.3d 1000, 1005 (10th Cir. 2014); *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002). The central analysis is "whether the first suit, assuming it were final, would preclude the second suit."[2] *Katz*, 655 F.3d at 1218.

Wyoming courts apply a four-factor test to determine if a claim is precluded:

> Res judicata applies where: (1) the parties were identical; (2) the subject matter was identical; (3) the issues were the same and related to the subject matter; and (4) the capacities of the persons were identical in reference to both the subject matter and the issues between them.

*Mid-Continent Cas. Co*, 767 F.3d at 1005 (emphasis added). Ms. Oliver's WMRP Application has no potential to preclude her claims against HealthTech and Mr. Patten in this action because the WMRP only issues non-binding recommendations. *See* § 9-2-1522 (c). Further, Ms.

---

[2] Wyoming State law should be applied to determine the "claim-preclusive effect of a federal diversity judgment." *Mid-Continent Cas. Co.*, 767 F.3d at 1004.

Oliver's WMRP claims against Mr. Hansen and PVHC cannot preclude her claims against Defendants because the parties and claims are distinct. *See Katz*, 655 F.3d at 1219; *Hartsel Ranch of Colorado, Inc.*, 296 F.3d at 988.

Ms. Oliver could not have split her claims because she has only filed one action. While it is true that Ms. Oliver has filed a WMRP Application, seeking review of her claims against PVHC and Dr. Hansen, no case has been filed against these parties in a court of competent jurisdiction. The pending WMRP review does not qualify as a duplicative action because there is no potential for preclusive effect, as the Panel's recommendations are not binding on the parties involved. *See* § 9-2-1522 (c) ("The panel's decision is not binding upon any party."); *Katz*, 655 F.3d at 1218 (highlighting the importance of the preclusive effect of the duplicative action).

Further, the Wyoming Supreme Court has long held that a plaintiff does not split a cause of action by suing joint tortfeasors in separate actions. *See Harris v. Grizzle*, 599 P.2d 580, 585 (Wyo. 1979). In *Harris v. Grizzle*, the Wyoming Supreme Court explained, "The general rule is that joint tortfeasors may be sued separately or jointly at the election of the injured party." *Id. Harris* was a wrongful death case resulting from an automobile accident. *Id.* at 582. The decedent's husband brought two separate actions to recover for his wife's death—the first action was against the driver of the vehicle that caused the crash and the second action sought to recover for the negligent medical treatment the decedent received after the crash. *Id.* The Court held that these claims were not duplicative, explaining "[t]he causes are obviously different, though the ultimate injury of death is indivisible." *Id.* at 585. Although Ms. Oliver's ultimate injury is indivisible, her claims against PVHC and Dr. Hansen differ from her claims against

HealthTech and Mr. Patten because they are based on the independent negligent acts of distinct parties. *See id.*

3. *PVHC and Dr. Hansen are not required parties under Rule 19*

Defendants next argue that PVHC and Dr. Hansen are required parties, under Rule 19 of the Federal Rules of Civil Procedure. The United States Supreme Court has set forth a two-step analysis for determining whether an action should be dismissed for failure to join a party under Rule 19. *See Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7-8 (1990) (applying this analysis). Under the first step in this analysis the court determines if the absent parties are required parties and whether their joinder is feasible. *Davis v. U.S.*, 192 F.3d 951, 957 (10th Cir. 1999). "If an absent party is necessary but cannot be joined, the district court must then ascertain 'whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed.'" *Id.* at 959; *see Republic of Philippines v. Pimentel*, 553 U.S. 851, 864 (2008). Because PVHC and Dr. Hansen cannot feasibly be joined before the resolution of the WMRP, Defendants bear the burden of establishing that PVHC and Dr. Hansen are required parties and that the action cannot proceed in "equity and good conscience" without them. *Davis*, 192 F.3d at 958 ("Defendants bear the burden…").

To determine whether absent parties are required parties, the court considers:

> (1) whether complete relief would be available to the parties already in the suit, (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations.

*BTU Western Resources, Inc v. Berenergy Corp.*, 300 F.R.D. 572, 573 (D.Wyo. 2014). Defendants first argue that PVHC and Dr. Hansen are required parties because any claim against Defendants will require Ms. Oliver to establish Dr. Hansen's negligence. Defendants next

propose a closely related argument, that a future case against PVHC and Dr. Hansen might subject HealthTech and Mr. Patten to repeated discovery requests and depositions and could lead to "conflicting verdicts and judgments." In other words, Defendants correctly assert that PVHC and Dr. Hansen are joint tortfeasors and similar questions of fact and law are likely to arise should Ms. Oliver pursue claims against PVHC and Dr. Hansen.

Defendants ignore a plethora of authority, however, explaining that joint tortfeasors are not required parties under Rule 19(a). *Temple*, 498 U.S. at 7 ("a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.")(quoting Fed.R.Civ.P. 19 advisory committee's notes); *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 229-30 ("as joint tortfeasors they were not indispensable parties"). In *Temple v. Synthes Corporation, LTD*, the Supreme Court explained, "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple*, 498 U.S. at 7. In that case, the Plaintiff was injured when a "plate and screw device" surgically implanted in his spine broke. *Id.* at 5. The Court held that the plaintiff could pursue an action against the device manufacturer without joining the hospital and doctor. *Id.* at 8. Similarly, PVHC, Dr. Hansen, Mr. Patten and HealthTech are joint tortfeasors and may be held severely liable for Ms. Oliver's injuries. The mere fact that similar factual inquiries are likely to arise in a second proceeding does not render all four potential defendants required parties. *See id.*

Defendants also argue that PVHC and Dr. Hansen are required parties because without being included in this litigation, PVHC and Dr. Hansen may incur "duplicative and cumulative discovery, conflicting findings of fact or law that may prejudice related rights of indemnity, and waste of time and resources due to redundant litigation." *Defendants Motion to Dismiss*, ¶ 12.

To summarize, Defendants once again allege that PVHC and Dr. Hansen should be included because they are joint tortfeasors. In *Davis v. U.S.* the Tenth Circuit explained that an absent party is prejudiced when a suit endangers that party's claim to a legally protected interest. *Davis*, 192 F.3d at 958-59. Aside from the inconvenience of dealing with repeat discovery requests, Defendants have not explained how Ms. Oliver's action against them would jeopardize a legally protected interest of PVHC or Dr. Hansen. *See id.* Presumably, Defendants might seek indemnity from PVHC for any judgment incurred in this action, however future contract disputes between Defendants and PVHC are "not the subject of this action." *See BTU Western Resources, Inc*, 300 F.R.D. at 575.

The Court need not go beyond this step in the analysis to determine that Rule 19 does not require the joinder of PVHC and Dr. Hansen in this case. *See Temple*, 498 U.S. at 8 ("Here, no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19 (a) have not been satisfied."). Even if PVHC and Dr. Hansen were required parties under Rule 19(a), because their joinder is not feasible, the Court may dismiss Ms. Oliver's existing claims only if "in equity and good conscience" the action should not proceed without them. *See Davis*, 192 F.3d at 959. Defendants have not addressed this step of the analysis. Rule 19(b) lists four non-exclusive factors to be considered when determining if an action may proceed without at required party:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; [and] fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b); *see Davis ex rel. Davis v. U.S.*, 343 F.3d 1282, 1289 (10th Cir. 2003).

These factors indicate that this action may proceed without PVHC and Dr. Hansen.

First, there is no risk of prejudice to existing or absent parties because PVHC and Dr. Hansen cannot be bound in a suit where they are not afforded the opportunity to defend themselves. *See Mid-Continent Cas. Co,* 767 F.3d at 1005 (explaining the elements of claim preclusion). Similarly, HealthTech will not incur additional liability in a future suit against PVHC or Dr. Hansen. *See id.* To the extent that the Defendants feel they will be prejudiced by having to answer multiple discovery requests, or sit for multiple depositions, these matters are simply not the concerns of Rule 19. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 120-121 (1968)(providing examples of the types of legal interests protected by Rule 19). Finally, the court could render an adequate judgment without PVHC and Dr. Hansen, as Defendants can only be held severally liable for their own actions.

4. *Defendants have not carried their burden of demonstrating that a stay is appropriate*

As an alternative to dismissal, Defendants argue that Ms. Oliver's claims should be stayed pending resolution of the WMRP. "When applying for a stay, a party must show a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009)(internal quotation marks omitted). In this case, a stay would unfairly delay Ms. Oliver's day in court and opportunity to be heard. *See Clinton v. Jones*, 520 U.S. 681, 707-708 (1997) (recognizing that "delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."). Accordingly, Defendants bear the burden of establishing the need for a stay. *See Clinton*, 520 U.S. at 708 ("The proponent of a stay bears the burden of establishing its need."); *see, e.g., Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 665 (1978) (illustrating that a stay may be

appropriate in federal court, pending the resolution of concurrent state litigation); *Culbertson v. Midwest Uranium Co*, 132 F.Supp. 678, 680-81 (D.Utah 1955) (illustrating that a federal district court may issue a stay pending the resolution of duplicative litigation in another federal district court).

Defendants first argue that they are entitled to a stay pending the resolution of the WMRP. However, as explained above, Defendants are not entitled to the protections of the WMRP Act and therefore suffer no hardship by defending this action while the WMRP is pending. *See* § 9-2-1518. Defendants also request a stay until PVHC and Dr. Hansen can be joined. However, Ms. Oliver need not join PVHC and Dr. Hansen in this action, as joint tortfeasors are not required parties under Rule 19. *See Temple*, 498 U.S. at 7. Because Defendants have not carried their burden of establishing a hardship, Defendants' request for a stay should be denied. *See Clinton*, 520 U.S. at 708 (holding that the decision to postpone trial until the end of the defendant's presidency was premature).

## D. CONCLUSION

For all of these reasons, and viewing the facts in the light most favorable to the Plaintiff, Defendants' motion should be denied.

DATED this 20th day of November 2014

Robert A. Krause
Mel C. Orchard, III
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001

Attorneys for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon the following, as indicated below on this 20th day of November, 2014, and addressed as follows:

Paul Kapp
George E. Powers, Jr.
SUNDAHL, POWERS, KAPP & MARTIN, LLC
1725 Carey Avenue
P.O. Box 328
Cheyenne, Wyoming 82003

*Attorney's for Defendants HealthTech and William D. Patten*

____ U.S. Mail, Postage Prepaid
____ Hand Delivery
____ Overnight Mail
____ Fascimile
_X_ CM/ECF Electronic Filing

Robert A. Krause

Attorney for Plaintiff