Christopher C. Voigt (Bar #6-3313)
Eric N. Peterson (Bar #7-5235)
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, MT  59103-2529
Telephone:  (406) 252-3441
Facsimile:  (406) 259-4159
E-Mail:  cvoigt@crowleyfleck.com
E-Mail:  epeterson@crowleyfleck.com

Attorneys for Defendant Jeffrey Hansen, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| MICHELLE OLIVER, | ) | Cause No.  14 CV 168-S |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **JEFFREY HANSEN, M.D.'S** |
| | ) | **ANSWER TO PLAINTIFF'S FIRST** |
| HEALTHTECH MANAGEMENT | ) | **AMENDED COMPLAINT AND** |
| SERVICES, INC.; WILLIAM D. | ) | **JURY DEMAND** |
| PATTEN; JEFFREY HANSEN, M.D.; | ) | |
| and POWELL VALLEY HEALTH CARE, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Defendant Jeffrey Hansen, M.D., and for his Answer to Plaintiff's

First Amended Complaint & Jury Demand hereby admits, denies and asserts as follows:

## **PARTIES**

1. Jeffrey Hansen, M.D., admits the allegations contained in Paragraph 1 of the First

Amended Complaint & Jury Demand.

2. Jeffrey Hansen, M.D., admits the allegations contained in Paragraph 2 of the First Amended Complaint & Jury Demand.

3. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of the First Amended Complaint & Jury Demand and therefore denies the same.

4. The allegations contained in Paragraph 4 of the First Amended Complaint & Jury Demand constitute legal conclusions concerning a codefendant for which no response is required by Jeffrey Hansen, M.D. To the extent any response is required, Jeffrey Hansen, M.D. denies all allegations that are inconsistent with governing law.

5. The allegations contained in Paragraph 5 of the First Amended Complaint & Jury Demand constitute legal conclusions concerning a codefendant for which no response is required by Jeffrey Hansen, M.D. To the extent any response is required, Jeffrey Hansen, M.D. denies all allegations that are inconsistent with governing law.

6. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 6 of the First Amended Complaint & Jury Demand. Jeffrey Hansen, M.D., asserts that he resides in Gallatin County, Montana.

7. Jeffrey Hansen, M.D., admits the allegations contained in Paragraph 7 of the First Amended Complaint & Jury Demand.

8. The allegations contained in Paragraph 8 of the First Amended Complaint & Jury Demand constitute legal conclusions concerning a codefendant for which no response is required by Jeffrey Hansen, M.D. To the extent any response is required, Jeffrey Hansen, M.D. denies all allegations that are inconsistent with governing law.

9. Jeffrey Hansen, M.D. admits that he was an employee of Powell Valley Healthcare. The remaining allegations contained in Paragraph 9 of the First Amended Complaint & Jury Demand constitute legal conclusions concerning a codefendant for which no response is required by Jeffrey Hansen, M.D. To the extent any response is required, Jeffrey Hansen, M.D. denies all allegations that are inconsistent with governing law.

10. Jeffrey Hansen, M.D., lacks sufficient knowledge of what Plaintiff believes, and therefore denies the same.

11. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of the First Amended Complaint & Jury Demand and therefore denies the same.

12. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the First Amended Complaint & Jury Demand and therefore denies the same.

13. Jeffrey Hansen, M.D., admits the allegations contained in Paragraph 13 of the First Amended Complaint & Jury Demand.

## JURISDICTION AND VENUE

14. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 14 of the First Amended Complaint & Jury Demand.

15. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 15 of the First Amended Complaint & Jury Demand.

16. Jeffrey Hansen, M.D., lacks sufficient knowledge of what Plaintiff believes, and therefore denies the same.

17. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 17 of the First Amended Complaint & Jury Demand and therefore denies the same.

18. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of the First Amended Complaint & Jury Demand and therefore denies the same.

19. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of the First Amended Complaint & Jury Demand and therefore denies the same.

20. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the First Amended Complaint & Jury Demand and therefore denies the same.

21. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the First Amended Complaint & Jury Demand and therefore denies the same.

22. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of the First Amended Complaint & Jury Demand and therefore denies the same.

## **STATEMENT OF FACTS**

23. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of the First Amended Complaint & Jury Demand and therefore denies the same.

24.     Jeffrey Hansen, M.D., admits the allegations contained in Paragraph 15 of the First Amended Complaint & Jury Demand.

25.     Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of the First Amended Complaint & Jury Demand and therefore denies the same.

26.     Answering Paragraph 26, Jeffrey Hansen, M.D. admits that he performed two additional procedures on March 5, 2013 and April 30, 3013.  Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 26 of the First Amended Complaint & Jury Demand and therefore denies the same.

27.     Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 27 of the First Amended Complaint & Jury Demand and therefore denies the same.

28.     Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 28 of the First Amended Complaint & Jury Demand and therefore denies the same.

29.     Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 15 of the First Amended Complaint & Jury Demand.

30.     Jeffrey Hansen, M.D., admits the allegations contained in Paragraph 15 of the First Amended Complaint & Jury Demand.

31.     Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 15 of the First Amended Complaint & Jury Demand.

32. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 32 of the First Amended Complaint & Jury Demand and therefore denies the same.

33. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 33 of the First Amended Complaint & Jury Demand and therefore denies the same.

34. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 34 of the First Amended Complaint & Jury Demand.

35. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 35 of the First Amended Complaint & Jury Demand.

36. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 36 of the First Amended Complaint & Jury Demand.

37. Jeffrey Hansen, M.D., admits the allegations contained in Paragraph 37 of the First Amended Complaint & Jury Demand.

38. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 38 of the First Amended Complaint & Jury Demand and therefore denies the same.

39. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 39 of the First Amended Complaint & Jury Demand and therefore denies the same.

40. Jeffrey Hansen, M.D., admits the allegations contained in Paragraph 40 of the First Amended Complaint & Jury Demand.

41. Answering Paragraph 41, Jeffrey Hansen, M.D. admits that in 2006 PVHC's facilities were operated by PVHC.  Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 41 of the First Amended Complaint & Jury Demand and therefore denies the same.

42. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 42 of the First Amended Complaint & Jury Demand and therefore denies the same.

43. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 43 of the First Amended Complaint & Jury Demand and therefore denies the same.

44. Answering Paragraph 44, Jeffrey Hansen, M.D. admits that in 2010 PVHC's facilities were operated by PVHC.  Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 44 of the First Amended Complaint & Jury Demand and therefore denies the same.

45. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 45 of the First Amended Complaint & Jury Demand and therefore denies the same.

46. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 46 of the First Amended Complaint & Jury Demand and therefore denies the same.

47. Jeffrey Hansen, M.D., admits the allegations contained in Paragraph 47 of the First Amended Complaint & Jury Demand.

48. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 48 of the First Amended Complaint & Jury Demand and therefore denies the same.  Furthermore, Jeffrey Hansen, M.D. denies that he lacked competence to perform the procedures for which Powell Valley Healthcare had granted him privileges.

49. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 49 of the First Amended Complaint & Jury Demand and therefore denies the same.  Furthermore, Jeffrey Hansen, M.D. denies that he lacked competence to perform the procedures for which Powell Valley Healthcare had granted him privileges.

50. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 50 of the First Amended Complaint & Jury Demand and therefore denies the same.  Furthermore, Jeffrey Hansen, M.D. denies that he lacked competence to perform the procedures for which Powell Valley Healthcare had granted him privileges.

51. Jeffrey Hansen, M.D., lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 51 of the First Amended Complaint & Jury Demand and therefore denies the same.

52. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 52 of the First Amended Complaint & Jury Demand.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE OF DR. HANSEN AND VICARIOUS LIABILITY OF PVHC**

53. Jeffrey Hansen, M.D., restates his answers to Paragraphs 1–52 in response to the allegations contained in Paragraph 53 of the First Amended Complaint and Jury Demand.

54. Answering Paragraph 54, Jeffrey Hansen, M.D., admits he owed a duty of care. The extent of duty is a legal conclusion to which no response is required.  To the extent a

response is required, Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 54 of the First Amended Complaint & Jury Demand which are inconsistent with governing law.

55. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 55 of the First Amended Complaint & Jury Demand.

56. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 56 of the First Amended Complaint & Jury Demand.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE OF PVHC**

57. Jeffrey Hansen, M.D., restates his answers to Paragraphs 1–56 in response to the allegations contained in Paragraph 57 of the First Amended Complaint and Jury Demand.

58. Answering Paragraph 58, Jeffrey Hansen, M.D., states that the extent of duty is a legal conclusion to which no response is required. To the extent a response is required, Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 58 of the First Amended Complaint & Jury Demand which are inconsistent with governing law.

59. Answering Paragraph 59, Jeffrey Hansen, M.D., states that the extent of duty is a legal conclusion to which no response is required. To the extent a response is required, Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 59 of the First Amended Complaint & Jury Demand which are inconsistent with governing law.

60. Answering Paragraph 60, Jeffrey Hansen, M.D., states that the extent of duty is a legal conclusion to which no response is required. To the extent a response is required, Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 60 of the First Amended Complaint & Jury Demand which are inconsistent with governing law.

61. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 61 of the First Amended Complaint & Jury Demand.

62. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 62 of the First Amended Complaint & Jury Demand.

63. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 63 of the First Amended Complaint & Jury Demand.

### THIRD CAUSE OF ACTION
### NEGLIGENCE OF HEALTHTECH AND WILLIAM PATTEN

64. Jeffrey Hansen, M.D., restates his answers to Paragraphs 1–63 in response to the allegations contained in Paragraph 64 of the First Amended Complaint and Jury Demand.

65. Answering Paragraph 65, Jeffrey Hansen, M.D., states that the extent of duty is a legal conclusion to which no response is required.  To the extent a response is required, Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 65 of the First Amended Complaint & Jury Demand which are inconsistent with governing law.

66. Answering Paragraph 66, Jeffrey Hansen, M.D., states that the extent of duty is a legal conclusion to which no response is required.  To the extent a response is required, Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 66 of the First Amended Complaint & Jury Demand which are inconsistent with governing law.

67. Answering Paragraph 67, Jeffrey Hansen, M.D., states that the extent of duty is a legal conclusion to which no response is required.  To the extent a response is required, Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 67 of the First Amended Complaint & Jury Demand which are inconsistent with governing law.

68. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 68 of the First Amended Complaint & Jury Demand.

69. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 69 of the First Amended Complaint & Jury Demand.

70. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 70 of the First Amended Complaint & Jury Demand.

## DAMAGES

71. Jeffrey Hansen, M.D., restates his answers to Paragraphs 1–70 in response to the allegations contained in Paragraph 71 of the First Amended Complaint and Jury Demand.

72. Jeffrey Hansen, M.D., denies the allegations contained in Paragraph 72 of the First Amended Complaint & Jury Demand.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim on which relief can be granted.

2. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

3. Plaintiff may have failed to mitigate her damages, if any.

4. Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

5. Plaintiff's injuries and damages may be the result of pre-existing injuries and/or natural disease process for which Jeffrey Hansen, M.D., is not responsible/liable.

6. Plaintiff's injuries and damages may be the result of subsequent injuries and/or natural disease process for which Jeffrey Hansen, M.D., is not responsible/liable.

7. Plaintiff's claimed damages may have resulted from superseding and intervening causes wholly unrelated to any alleged act, error or omission on the part Jeffrey Hansen, M.D.

8. Plaintiff's comparative fault and the conduct of all actors must be compared pursuant to Wyo. Stat. Ann. § 1-1-109.

9. Plaintiff's damages, if any, may be subject to caps under the Governmental Claims Act.

10. Plaintiff assumed the risk of the surgical procedures performed by Jeffrey Hansen, M.D.

11. Plaintiff consented to the medical treatments given by Jeffrey Hansen, M.D.

12. Plaintiff has failed to comply with the notice requirements of the Wyoming Governmental Claims Act.

13. Defendant reserves the right to add additional affirmative defenses as they become known.

WHEREFORE, Defendant Jeffrey Hansen, M.D., prays for judgment as follows:

1. That Plaintiff takes nothing by her First Amended Complaint & Jury Demand and that the same be dismissed with prejudice;

2. That judgment be entered in favor of Jeffrey Hansen, M.D., for his costs of action; and

3. For such other and further relief as the Court deems just and proper.

Dated this 23rd day of February, 2015.

CROWLEY FLECK PLLP

By /s/ Christopher C. Voigt
Christopher C. Voigt (Bar #6-3313)
Eric N. Peterson (Bar #7-5235)
P. O. Box 2529
Billings, MT  59103-2529
Attorneys for Defendant
Jeffrey Hansen, M.D.

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document was served upon the following counsel of record, by the means designated below, this 23rd day of February, 2015:

| | |
|---|---|
| [ ] U.S. Mail | Robert A. Krause/Mel C. Orchard, III |
| [ ] FedEx | Elizabeth A. Richards/Sarah A. Kellogg |
| [ ] Hand-Delivery | The Spence Law Firm, LLC |
| [ ] Facsimile | 15 S. Jackson Street |
| [ ] Email | P.O. Box 548 |
| [X] ECF Electronic filing | Jackson, WY  83001 |

| | |
|---|---|
| [ ] U.S. Mail | William L. Simpson/Larry B. Jones |
| [ ] FedEx | Colin M. Simpson |
| [ ] Hand-Delivery | Burg, Simpson, Eldredge, Hersh & Jardine, PC |
| [ ] Facsimile | 1135 14th Street |
| [ ] Email | P.O. Box 490 |
| [X] ECF Electronic filing | Cody, WY  82414 |

| | |
|---|---|
| [ ] U.S. Mail | Brian J. Marvel |
| [ ] FedEx | Scott E. Ortiz |
| [ ] Hand-Delivery | Williams, Porter, Day, Neville, P.C. |
| [ ] Facsimile | P.O. Box 10700 |
| [ ] Email | Casper, WY  82602 |
| [X] ECF Electronic filing | |

| | |
|---|---|
| [ ] U.S. Mail | Paul Kapp |
| [ ] FedEx | George E. Powers, Jr. |
| [ ] Hand-Delivery | Sundahl, Powers, Kapp & Martin, LLC |
| [ ] Facsimile | 1725 Carey Avenue |
| [ ] Email | P.O. Box 328 |
| [X] ECF Electronic filing | Cheyenne, WY  82003-0328 |

    /s/ Christopher C. Voigt
    Christopher C. Voigt
    Eric N. Peterson
    Crowley Fleck PLLP
    P.O. Box 2529
    Billings, MT 59103-2529
    Attorneys for Defendant Jeffrey Hansen, M.D.