Paul Kapp #5-2267
George E. Powers, Jr., WSB #5-2062
Sundahl, Powers, Kapp & Martin, LLC
1725 Carey Avenue
P.O. Box 328
Cheyenne, Wyoming 82003
(307) 632-6421 telephone
*Attorney for Defendants HealthTech
and William D. Patten*

UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | | |
|---|---|---|
| MICHELLE OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 14-CV-168-S |
| | ) | |
| HEALTHTECH MANAGEMENT | ) | |
| SERVICES, INC., WILLIAM D. PATTEN, | ) | |
| JEFFREY HANSEN, M.D., and POWELL | ) | |
| VALLEY HEALTH CARE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HEALTHTECH MANAGEMENT SERVICES, INC.'S AND WILLIAM D. PATTEN'S OBJECTIONS TO EXHIBITS ATTACHED TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

**COMES NOW** the Defendants, HealthTech Management Services, Inc., and William D. Patten, by and through their attorneys, Sundahl, Powers, Kapp & Martin, LLC, and hereby object to the exhibits, which Plaintiff has attached to Plaintiff's Response in opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint *(Documents 29-1, 29-2 and 29-3)*. Defendant objects to these exhibits and asks that the Court disregard them in addressing the issues raised by Defendants' Motion to Dismiss Plaintiff's Amended Complaint *(Document 24)*.

1

1.      **Exhibits A and B (Documents 29-1 and 29-2)**

Exhibit A to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint (*Document 29-1*) consists of several pages from a deposition that William D. Patten gave in a case entitled, *Aaron Harris and Glenna P. Harris v. Jeffery Hansen, M.D.; and Powell Valley HealthCare, Inc.*, Fifth Judicial District, County of Park, Civil Action No. 27038. The deposition was apparently taken on June 25, 2014. Defendants object to this exhibit for the reasons stated herein.

Exhibit B to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint (*Document 29-2*) consists of several pages from another deposition that William D. Patten gave in another case, this one entitled *Austin DuRose, by and through his next friends and natural parents, William K. and Mindy E. DuRose, William K. DuRose and Mindy E. Durose v. Powell Valley HealthCare, Powell Hospital District No. 1; Powell Valley Hospital; Jeffrey Hansen M.D., and John Does 1 through 10,* United States District Court for the District of Wyoming, Civil No. 13-CV-216-S. The deposition was apparently taken on July 31, 2014. This exhibit suffers from the same problems and deficiencies as Exhibit A.

    a.      **Improper Introduction of Matters Outside the Pleadings**. Plaintiff is attempting to introduce matters outside the pleadings in opposition to a motion filed under Rule 12(b)(6). When considering a motion under Rule 12(b)(6) or under Rule 12(c) "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *F.R.C.P. 12(d)*. If outside materials are received and considered, then the Court must give the parties notice and afford them the opportunity to present all the material that is pertinent to the motion."

*Miller v, Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). The Court has discretion under the rule to decline consideration of outside materials attached to Plaintiff's opposition. *Feltman v. Petco Animal Supplies, Inc.*, 2012 U.S. Dist. LEXIS 50399 at 5-6 (D. Idaho 2012) (declining to consider materials attached to plaintiff's opposition to defendant's motion under Rule 12(b)(6)).

Defendants' motion is directed at the sufficiency of the Amended Complaint and the Court's review is properly limited to the pleadings (in this case the Amended Complaint), documents that are attached or that are identified in the pleadings and central to the Plaintiff's claims and matters of which the Court may take judicial notice. *Tal v. Hogan*, 453 F.3d 1244, fn 24 (10th Cir. 2006) and cases cited therein. The Court is not required to consider materials, such as these selected portions of depositions, which were taken in other cases. Plaintiff cannot remedy the deficiencies in her Amended Complaint by offering materials, which are not properly before the Court.

b.     <u>Improper Use of Deposition Under Rule 32</u>. Plaintiff's attempt to offer these portions of depositions is not allowed under Rule 32 of the Federal Rules of Civil Procedure, which governs the proper use of depositions at hearings and at trial. Under Rule 32(a), the party offering a deposition must be able to satisfy the conditions of that rule. Plaintiff has not met and cannot meet her burden.

- Under Rule 30(a)(1)(A) Plaintiff must show that the party against whom the deposition is offered was present or represented at the taking of the deposition or had reasonable notice of it. A simple review of the captions to the depositions shows that neither HealthTech nor Patten was a party to the *Harris* case or the *DuRose* case. HealthTech was not present, was not represented and did not have notice of either
3

deposition. While Patten was admittedly present as the witness, there is no showing that he was a party or that he was represented by personal counsel.

- Under Rule 30(a)(1)(B) the deposition is only useable to the extent that it is admissible under the Federal Rules of Evidence. Much of the information contained in the cited portions of these depositions is inadmissible under the rules of evidence. Defendants adopt and incorporate the objections appearing in the transcript. Additional examples illustrating this point would include:

   A. Exhibit A, the *Harris* deposition:

   P. 14/L. 21 through P.15/L. 18:     No foundation, no personal knowledge. Hearsay. FRE 802

   P. 26/L. 7 through P.27/L. 23:     No foundation, no personal knowledge. Hearsay. FRE 802

   P. 45/L. 13 through P. 51/L.23:     No foundation, no personal knowledge. Hearsay. FRE 802.

   P. 100/L. 16 through L. 24:     Improper hypothetical. No foundation. Speculation. Improper lay opinion. FRE 701.

   B. Exhibit B, the *DuRose* deposition:

   P. 76/L. 24 through P. 78/L. 3:     Hearsay. FRE 802.

- Under Rule 30(a)(3)(C) the deposition must also satisfy one of the additional conditions contained in Rule 30(a)(2 through 8). Plaintiff has not satisfied and cannot satisfy any of these conditions. By way of example, the deposition is not being offered for impeachment. It is not useable against HealthTech as the deposition of an officer, director, managing agent or designee. There is no showing that the witness is unavailable, assuming his testimony would be either necessary or appropriate to address

the issues raised under the circumstances. The depositions do not involve the same parties or their representatives or successors in interest.

- The depositions are also not admissible under Rule 804(b)(1). There is no showing that the witness is unavailable, even assuming that the testimony would be relevant. Moreover, HealthTech was not a party to the cases and had no opportunity or motive to develop the testimony.

2. **Exhibit C (Document 29-3)**

Exhibit C to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint (*Document 29-3*) is an affidavit of Mel C. Orchard, III. It purports to outline additional discovery that Plaintiff alleges might be necessary, if the Court converts the pending motion to dismiss into a motion for summary judgment. This is not a motion for summary judgment. It is a Rule 12 motion directed at the Plaintiff's failure to state a legally sufficient claim. The affidavit and the additional discovery outlined therein are not relevant to any of the issues raised in connection with the pending motion and do not bear on the issue of whether or not Plaintiff has alleged a factual basis to support a claim for relief under Rule 12. It should be disregarded.

Dated this 25th day of February 2015.

_____
Paul Kapp #5-2267
George E. Powers, Jr. #5-2062
Sundahl, Powers, Kapp & Martin, LLC
1725 Carey Avenue (82001)
P.O. Box 328
Cheyenne, WY  82003-0328
(307) 632-6421
*Attorneys for Health Tech Management Services, Inc. and William D. Patten*

## CERTIFICATE OF SERVICE

I certify the foregoing pleading was served on this 25th day of February 2015, and that copies were served as follows:

| | |
|---|---|
| Robert A. Krause,<br>Mel C. Orchard, III,<br>Elizabeth A. Richards,<br>Sarah A. Kellogg<br>The Spence Law Firm, LLC<br>15 S. Jackson Street<br>PO Box 548<br>Jackson, WY 83001 | [____] U.S. Mail<br>[__X__] Electronically<br>[____] Fax<br>[____] Hand Delivered |
| William L. Simpson<br>Larry B. Jones<br>Colin M. Simpson<br>Burg, Simpson, Eldredge, Hersh & Jardine, PC<br>1135 14th Street<br>P.O. Box 490<br>Cody, WY 82414 | [____] U.S. Mail<br>[__X__] Electronically<br>[____] Fax<br>[____] Hand Delivered |
| Brian J. Marvel/ Scott E. Ortiz<br>Williams, Porter, Day & Neville, P.C.<br>P.O. Box 10700<br>Casper, WY 82602 | [____] U.S. Mail<br>[__X__] Electronically<br>[____] Fax<br>[____] Hand Delivered |
| Christopher Voigt<br>Eric Peterson<br>Crowley Fleck, P.L.L.P.<br>490 N. 31st Street, Suite 500<br>Billings, MT 59101 | [____] U.S. Mail<br>[__X__] Electronically<br>[____] Fax<br>[____] Hand Delivered |

_____
George E. Powers, Jr.