Robert A. Krause; krause@spencelawyers.com
Mel C. Orchard, III; orchard@spencelawyers.com
Elizabeth A. Richards; richards@spencelawyers.com
Sarah A. Kellogg; kellogg@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248 Fax

William L. Simpson; bsimpson@skelaw.com
Larry B. Jones; ljones@skelaw.com
Colin M. Simpson; csimpson@skelaw.com
BURG, SIMPSON, ELDREDGE, HERSH & JARDINE, PC
1135 14th Street, P.O. Box 490
Cody, Wyoming 82414
(307) 527-7891
(307) 527-7897 Fax

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF WYOMING**

| | |
|---|---|
| MICHELLE OLIVER<br><br>        Plaintiff,<br><br>   vs.<br><br>HEALTHTECH MANAGEMENT SERVICES, INC., WILLIAM D. PATTEN, JEFFREY HANSEN, M.D., and POWELL VALLEY HEALTH CARE, INC.,<br><br>        Defendants. | Civil No.  14 CV 168-S<br><br>**Plaintiff's Response in Opposition to Defendants' Objections to Plaintiff's Exhibits** |

    Ms. Oliver files this Response in Opposition to Defendants' Objections to Plaintiff's Exhibits, clarifying: (1) that the Court does not need to rely on the depositions in order to find in her favor; (2) Rule 32 does not apply to evidence submitted at the summary judgment stage; and (3) Defendants' evidentiary objections are a frail attempt to exclude highly probative evidence.[1]

---

[1] Defendants also argue that Exhibit C should be excluded.  Because this affidavit was required under Fed. R.Civ.P. 56 (D), no further response to Defendants' argument is required.

I. DISCUSSION

A. <u>The depositions were provided to demonstrate that granting Ms. Oliver leave to amend her complaint would not be futile</u>

The depositions were attached to Ms. Oliver's Response primarily to demonstrate that should this Court feel that Ms. Oliver has inadequately pled the existence of a duty, amendment would not be futile. *See Doc* 29, *Plaintiff's Response,* at 6. The testimony demonstrates that HealthTech and Patten were intimately involved with fielding complaints about Dr. Hansen and making personnel decisions at Powell Valley Health Care, Inc ("PVHC"). *Id*. Alternatively, if this Court relies on the Management Agreement provided by Defendants **or** considers the depositions, this motion should be converted into a summary judgment motion. F.R.C.P. 12(d).[2]

B. <u>Rule 32 does not apply to evidence submitted at the summary judgment stage</u>

Under Tenth Circuit law, Rule 32(a) does not apply to evidence submitted at the summary judgment stage. In *Tingey v. Radionics*, the court held:

> Rule 32(a) states that a deposition "may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof." As the case law reveals, the rule is primarily applied as a limitation on introducing deposition testimony *at trial*. **While a few courts have applied Rule 32(a) to deposition testimony introduced in summary judgment proceedings**, **in our view this application represents an overly-expansive view of the Rule, given the purpose of the rule and the mechanics of summary judgment procedure**.

193 F. App'x 747, 765-66 (10th Cir. 2006) (internal citations omitted) (emphasis added); *see Dodson Aviation, Inc. v. HLMP Aviation Corp.*, No. 08-4102-KGS, 2011 WL 1234705, at *9 (D.

---

[2] The *Stambaugh* court relied on the Management Agreement without converting HealthTech's motion to summary judgment because, unlike Ms. Oliver, the plaintiff in that case attached the Management Agreement to her complaint, and apparently argued that HealthTech's duties arose solely from the contract. *Doc.* 24-2, *Stambaugh Order*, at 4 ("In this case, the Plaintiff's attached a copy of the Management Agreement to the Complaint and referred to the Agreement throughout the Complaint.") & 2 (summarizing Plaintiffs' position that the express terms of the contract conferred duties on HealthTech, and that HealthTech violated a specific contractual provision).

Kan. Mar. 31, 2011) ("[V]arious courts, including the Tenth Circuit, have held that a deposition that did not meet the requirements of Fed.R.Civ.P. 32 is still admissible in a summary judgment proceeding if the deposition meets the requirements of an affidavit pursuant to Fed.R.Civ.P. 56."). Defendants' reliance on Rule 32 (a) is misplaced.

C.    The Federal Rules of Evidence do not exclude Patten's testimony

Defendants' evidentiary objections[3] also do not exclude this highly probative evidence. *See Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1122 (10th Cir. 2005) ("At the summary judgment stage, the parties need not submit evidence in a form admissible at trial; however, the content or substance of the evidence must be admissible."). For example, Defendants make a hearsay objection based on the following testimony:

> Q:    Do you remember anything else that Brad Mangum said during any of those conversations?
> A.    He expressed other concerns, yes.
> Q:    What other concerns did he express?
> A:    The concerns evolved over time. Initially the concerns were generic in nature: questioning surgical technique, selection of patients for surgery—
> Q:    Hold on. I need to write this down. Go ahead, I'm sorry.
> A:    As time passed, the concerns became more specific, and he began to name specific cases and specific patient names.

*Doc. 29-1*, *Harris Depo.*, at 51:2-51:14. This testimony is not hearsay because it is not offered to prove the content of these complaints, but to show that Patten fielded complaints about Dr. Hansen and Patten's knowledge of Dr. Hansen's dangerous propensities. *See* F.R.E. 801(c)(2) ("'Hearsay' means a statement that…a party offers to prove the truth of the matter asserted in the statement."). It is further admissible as the admission of a party opponent. *See* F.R.E. 801(d)(2).

Similarly, the Court need not consider Defendants' foundation objections because

---

[3] Notably Defendants do not object, on evidentiary grounds, to all of Patten's testimony. For example, Defendants do not object to Patten's testimony that he was an *ex officio* member of various peer review committees and could have encouraged these committees to take faster action. *Doc. 29-2, Durose Depo.*, at 42:1-2.

Defendants failed to identify a specific foundational defect. *See K-B Trucking Co. v, Riss Int'l Corp.*, 763 F.2d 1148, 1154 n.8 (10th Cir. 1985); *United States v. Barker*, 27 F.3d 1287, 1292 (7th Cir. 1994) (noting that an objection on the ground of "lack of foundation" is too general to identify the specific reason why the foundation is inadequate).[4]

As for personal knowledge, an affidavit (or here, deposition) is inadmissible only if "the witness could not have actually perceived or observed that which he testifies to." *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (quotation omitted). Defendants challenge only three portions of the cited testimony for lack of personal knowledge, but they present no argument that Patten could not have seen or observed (1) the fact that he was told that Dr. Hansen's Montana medical license had been suspended prior to PVHC hiring Dr. Hansen (*Doc. 29-1*, at 14:21-15:18); (2) the fact that in the first few months of his employment he was told that Dr. Hansen had "fallen off the wagon" (*Doc. 29-1*, at 26:7-27:23); and (3) the fact that he was told by two particular health care providers that Dr. Hansen was overprescribing narcotics (*Doc. 29-1*, at 45:13-51:23).

Finally Defendants object to Patten's testimony that he could suspend a physician's privileges on the additional grounds of improper hypothetical, speculation and improper lay opinion. *Doc. 34,* at 4; *see Doc. 29-1*, at 100: 16-24. Each of these objections fails because Patten's testimony is based on his personal experience — i.e. his understanding of his authority as PVHC CEO. This testimony is admissible under Rule 701 because it is based on Patten's

---

[4] Presumably, Defendants' objections are addressed by Patten's personal knowledge of the events to which he testified. Alternatively, one court expressed its view that when testifying about a conversation, for purposes of foundation, the witness should provide information regarding when the conversation occurred, who was present and who said what to whom. *See Houk v. Vill. of Oak Lawn*, No. 86 C 139, 1987 WL 7498, at *2 (N.D. Ill. Feb. 26, 1987). Even if this Court adopts that view, Patten sufficiently provided this information in the cited passages.

4

perceptions; helpful to determining a fact in issue (Patten's ability to suspend Dr. Hansen); and is not "based on scientific, technical, or other specialized knowledge." F.R.E 701; *see U.S. v. Powers*, 578 Fed.Appx. 763, 775 (10th Cir. 2014) (explaining that "particularized knowledge" may be obtained through professional experience). Because Patten's testimony is admissible under Rule 701, Defendants' speculation argument also fails. *See Magoffe v. JLG Ind., Inc.*, 375 Fed.Appx 848, 858 (10th Cir. 2010) (incorporating a speculation objection into Rule 701).

Further, this testimony is not a hypothetical because it does not require Patten to make an opinion based on a hypothesis — but only to explain his understanding of the scope of his authority as hospital CEO. In other words Patten is essentially answering the question "Do you have the authority to suspend a physician's license based on credible patient care concerns?" Even so, the Tenth Circuit recently held that lay witnesses are not necessarily prohibited from answering hypothetical questions, specifically where the answer is based upon personal knowledge or experience. *Powers*, 578 Fed.Appx. at 772.

## II.   CONCLUSION

This Court does not need to reach these arguments. Defendants' Motion to Dismiss is procedurally improper and fails on its merits because a hospital CEO necessarily owes patients a duty of care. Nevertheless, Patten's deposition testimony is admissible to show that amendment would not be futile or if this motion is converted into summary judgment. Defendants' Motion to strike must be denied.

Dated this 3rd day of March, 2015.

/s/Mel C. Orchard, III
Mel C. Orchard, III
The Spence Law Firm, LLC

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon the following, as indicated below on this 3rd day of March 2015, and addressed as follows:

| | |
|---|---|
| George Powers, Paul A. Kapp<br>SUNDAHL, POWERS, KAPP & MARTIN, LLC<br>P.O. Box 328<br>Cheyenne, WY 82003<br><br>*Attorneys for Defendants HealthTech and William Patten* | ___ U.S. Mail, Postage Prepaid<br>___ Hand Delivery<br>___ Overnight Mail<br>___ Facsimile<br>_X_ CM/ECF Electronic Filing |
| Christopher Voigt, Eric Peterson<br>CROWLEY FLECK, P.L.L.P<br>Transwestern Plaza II, Suite 500<br>490 North 31st St<br>P.O. Box 2529<br>Billings, MT 59103<br><br>*Attorneys for Defendants Dr. Hansen* | ___ U.S. Mail, Postage Prepaid<br>___ Hand Delivery<br>___ Overnight Mail<br>___ Facsimile<br>_X_ CM/ECF Electronic Filing |
| Brian J, Marvel, Scott E. Ortiz<br>Williams, Porter Day & Neville, P.C.<br>P.O. Box 10700<br>Casper, WY 82602<br><br>*Attorneys for Defendants Powell Valley Health Care, Inc.* | ___ U.S. Mail, Postage Prepaid<br>___ Hand Delivery<br>___ Overnight Mail<br>___ Facsimile<br>_X_ CM/ECF Electronic Filing |

<u>/s/Mel C. Orchard, III</u><br>
Mel C. Orchard, III<br>
The Spence Law Firm, LLC<br>
*Attorney for Plaintiff*