Christopher C. Voigt (Bar #6-3313)
Eric N. Peterson (Bar #7-5235)
CROWLEY FLECK PLLP
500 Transwestern Plaza II
490 North 31st Street
P. O. Box 2529
Billings, MT  59103-2529
Telephone:  (406) 252-3441
Facsimile:  (406) 259-4159
E-Mail:  cvoigt@crowleyfleck.com
E-Mail:  epeterson@crowleyfleck.com

Attorneys for Defendant Jeffrey Hansen, M.D.


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING


| | | |
|---|---|---|
| MICHELLE OLIVER, | ) | Cause No.  14 CV 168-S |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **BRIEF IN SUPPORT OF MOTION** |
| | ) | **TO DISMISS DEFENDANT** |
| HEALTHTECH MANAGEMENT | ) | **JEFFREY HANSEN M.D. FOR** |
| SERVICES, INC.; WILLIAM D. | ) | **LACK OF SUBJECT MATTER** |
| PATTEN; JEFFREY HANSEN, M.D.; | ) | **JURISDICTION** |
| and POWELL VALLEY HEALTH CARE, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Jeffrey Hansen M.D. ("Dr. Hansen") hereby submits this brief in support of

his motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(c).

Plaintiff has brought this action in federal court, alleging subject matter jurisdiction on the basis

of diversity, pursuant to  28 U.S.C. § 1332. Dr. Hansen and Plaintiff Michelle Oliver ("Oliver")

were both citizens of Montana at the time of the filing of the Amended Complaint which added

Dr. Hansen as a party, and for this reason there is no subject matter jurisdiction for Oliver's claims against Dr. Hansen.

## BACKGROUND

Dr. Hansen is an orthopedic surgeon who was previously employed by Defendant Powell Valley Healthcare ("PVHC") in Powell, Wyoming, from 2006 until December of 2013. *See* Affidavit of Jeffrey Hansen, M.D. in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction, ¶¶ 5 & 6, attached as **Exhibit 1**. During that time he provided care and treatment for Oliver, a Montana resident, including performing an ACL reconstruction surgery on August 21, 2012. Oliver alleges that as a result of this surgery she has sustained damages. On August 11, 2014, Oliver submitted her claim to the Wyoming Medical Review Panel ("WMRP"), pursuant to Wyo. Stat. Ann. §§ 9-2-1513 *et. seq.* Dr. Hansen waived review by the WMRP on December 19, 2014 and an order of dismissal from the WMRP was issued on December 23, 2014.

After separating from PVHC in December of 2013, Dr. Hansen made arrangements to leave Wyoming and move to Montana. *Ex. 1*, ¶¶ 7 & 8. In the Spring of 2014, Dr. Hansen placed his house for sale; he began pursuing other employment opportunities outside of Wyoming, and made arrangements for living accommodations in Bozeman, Montana. *Id.* at ¶ 7. On November 11, 2014, Dr. Hansen sold his house in Powell, Wyoming and he moved to his current residence in Bozeman, Montana *Id.* at ¶ 9. He also had his mail forwarded to this address. *Id.* at ¶ 12. Dr. Hansen intends to remain domiciled in Montana for an indefinite period of time, and since November 11, 2014, considers himself a citizen of Montana. *Id.* at ¶¶ 14 & 15.

Oliver filed the Amended Complaint, adding Dr. Hansen as a party on January 14, 2015. In the Amended Complaint, Oliver alleges that she is a resident of Montana. Doc. 22, ¶ 1. Further, she alleges that the Defendants are not residents of Montana, and specifically that Dr.

Hansen is a resident of Wyoming. *Id.* at ¶¶ 2, 3, 6, 7, 14. Dr. Hansen denied this allegation in his

answer. Doc. 33, ¶¶ 6, 14. At the time of the filing of this lawsuit against Dr. Hansen, Dr. Hansen

was a citizen of Montana. Exhibit 1, ¶¶ 14 & 15.

## ARGUMENT

**I.      Both Dr. Hansen and Oliver Are Citizens of Montana.**

Dr. Hansen and Oliver are both citizens of Montana, and therefore there is not complete

diversity. This court does not have subject matter jurisdiction over Oliver's claims against Dr.

Hansen and this court should dismiss Dr. Hansen from this action.

For matters of diversity jurisdiction:

**(a)** The district courts shall have original jurisdiction of all civil actions where the
matter in controversy exceeds the sum or value of $75,000, exclusive of interest
and costs, and is between—

**(1)** citizens of different States;

28 U.S.C.A. § 1332 (West). Further:

For purposes of diversity jurisdiction, one is considered a citizen of the state in
which he is domiciled. In this context, citizenship and domicile are synonymous.
But domicile and residence are not necessarily synonymous, for domicile is the
combination of physical presence in a place (residence) and a certain state of
mind, that is, the intent to remain there. There is no minimum period of residence
required. The requisite intention is to remain at that place for an unlimited or
indefinite period of time. Residence and intent are inextricable elements of
domicile. If unaccompanied by the necessary intent, residence alone is not
determinative of citizenship.

Bair v. Peck, 738 F. Supp. 1354, 1355-56 (D. Kan. 1990) (internal citations omitted). Generally,

the determination of citizenship is made at the time of the complaint. *Id.*  "In the case of an

amended complaint which joins new parties, however, the diversity must exist at the time of the

amendment." *China Basin Properties, Ltd. v. Allendale Mut. Ins. Co.*, 818 F. Supp. 1301, 1303

(N.D. Cal. 1992) The party asserting diversity jurisdiction has the burden of demonstrating

diversity by a "preponderance of the evidence." *Bair*, 738 F. Supp. 1355-56.  This Court is not

restricted to the face of the pleadings when ruling on a Rule 12(b)(1) motion to dismiss, but may

review other evidence, such as affidavits. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.

1988); citing *Land v. Dollar*, 330 U.S. 731, 735 n.4, 67 S. Ct. 1009, 1011 n.4, 91 L. Ed. 1209

(1947).

Dr. Hansen was a citizen of Montana at the time the Complaint was filed. As evidenced

by Dr. Hansen's affidavit, Dr. Hansen sold his house in Wyoming, has moved his residence to

Montana, receives his mail there, and generally intends to stay there for an indefinite period of

time. Numerous courts have recognized these factors demonstrate citizenship:

> Paraphrasing the rule that domicile is dependent to a large extent on intention,
> 'Home is where the heart is.' The evidence is complete that defendant
> established his home in South Carolina. The combination of selling his
> Pennsylvania home, severing his Pennsylvania professional ties, moving his
> family to Columbia, enrolling his children in Columbia, paying his federal tax as
> a resident of the District of South Carolina, transferring bank accounts, etc. to
> South Carolina, the absence of any intention to return to Pennsylvania, all point,
> as spokes of a wheel to the center of his efforts, the fruits of his providing, and
> that is nothing more nor less than the establishment of a home in South Carolina.

*Ferrara v. Ibach*, 285 F. Supp. 1017, 1020 (D.S.C. 1968). Likewise:

> [T]he bulk of the other evidence in the record supports only one finding: Plaintiff
> Macone is a domiciliary of Maine. First, Plaintiff currently resides in Maine.
> Plaintiff officially changed his address with the Social Security Administration to
> reflect his current residence. He also represented in his complaint that his physical
> address is in Maine. "Although residence alone is not the equivalent of domicile,
> the place of residence is prima facie evidence of a party's domicile." Furthermore,
> Plaintiff receives his mail in Maine, which is another signpost of domicile.

*Macone v. Nelson*, 274 F. Supp. 2d 136, 140 (D.P.R. 2003) (quoting 15 James Wm. Moore Et

Al., Moore's Federal Practice ¶ 102.35[4] (3d ed.1997), and citing *Willis v. Westin Hotel Co.,*

651 F. Supp. 598, 601 (S.D.N.Y.1986); *Simmons v. Skyway of Ocala,* 592 F. Supp. 356, 359

(S.D.Ga.1984)).

**II.      The Court Can Dismiss Dr. Hansen and Retain Jurisdiction over this Matter.**

A district court can dismiss a dispensable, non-diverse party pursuant to Fed. R. Civ. P. 21 to cure a jurisdictional defect at any point in the litigation. *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011); *citing Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 572, 124 S. Ct. 1920, 158 L.Ed.2d 866 (2004); *Newman–Green, Inc.,* 490 U.S. at 832, 109 S. Ct. 2218; *United States ex rel. Gen. Rock & Sand Corp. v. Chuska Dev. Corp.,* 55 F.3d 1491, 1495 (10th Cir.1995). A party is dispensable if he is not required by Rule 19. *See* § 1685 *What Constitutes Misjoinder and Nonjoinder—Elimination of Parties to Preserve Diversity-of-Citizenship Jurisdiction*, 7 Fed. Practice & Procedure Civ. § 1685 (3d ed.); *Erie Mach. Products, Inc. v. Mazak Yamazuki Mach. Corp.*, 574 F. Supp. 1056, 1058 (E.D. Wis. 1983) ("the court has discretion to dismiss a non-diverse party but to allow the action to continue against other defendants as to whom the requisite diversity of citizenship exists").

To determine if Dr. Hansen is an indispensable party, federal courts follow a two-step process. *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 546 (6th Cir.1994). First, the court determines whether a party is necessary for just adjudication. A party is necessary if: "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Id.*

Second, if the party is necessary, the court must then determine if he is indispensable by considering: (1) whether a judgment rendered in the party's absence would prejudice the available party; (2) whether such prejudice could be lessened or avoided; (3) whether a judgment rendered in the party's absence would be adequate; and (4) whether the plaintiff has an adequate

remedy if the action is dismissed for nonjoinder. *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th Cir.1999).

Here, the inquiry ends after the first step because Dr. Hansen is not a necessary party. It is well established that an employee is not a necessary party to a suit against his employer under the doctrine of respondeat superior. *Rieser v. D.C.*, 563 F.2d 462, 469 n.39, 23 Fed. R. Serv. 2d 1312 (D.C. Cir. 1977) *opinion reinstated in part on reh'g,* 580 F.2d 647, 188 U.S. App. D.C. 384 (D.C. Cir. 1978); *Larson v. Loomis, Fargo & Co.*, No. 05-674-KI, 2005 WL 1838972, at *1 (D. Or. Aug. 1, 2005); *Lytle v. Kite*, 728 P.2d 305, 309 (Colo. 1986).  Ms. Oliver can obtain complete relief by pursuing her claim directly against Dr. Hansen's previous employer, PVHC. As such, the court does not need to dismiss the entire matter and can merely dismiss Dr. Hansen to preserve subject matter jurisdiction. *See Yamane v. Pohlson*, 111 Haw. 74, 84, 137 P.3d 980, 990 (2006) (doctor accused of committing malpractice was not a necessary party in lawsuit against the physicians group that employed him).

## CONCLUSION

For the foregoing reasons, this court lacks subject matter jurisdiction over the controversy between Dr. Hansen and Oliver, who are both citizens of Montana and the court should dismiss Oliver's claims against Dr. Hansen.

Dated this 9th day of April, 2015.

CROWLEY FLECK PLLP

By /s/ Eric N. Peterson
      Christopher C. Voigt (Bar #6-3313)
      Eric N. Peterson (Bar #7-5235)
      P. O. Box 2529
      Billings, MT  59103-2529
      Attorneys for Defendant
      Jeffrey Hansen, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following counsel of record, by the means designated below, this 9th day of April, 2015:

[ ] U.S. Mail                  Robert A. Krause/Mel C. Orchard, III
[ ] FedEx                     Elizabeth A. Richards/Sarah A. Kellogg
[ ] Hand-Delivery        The Spence Law Firm, LLC
[ ] Facsimile              15 S. Jackson Street
[ ] Email                     P.O. Box 548
[X] ECF Electronic filing   Jackson, WY  83001

[ ] U.S. Mail                  William L. Simpson/Larry B. Jones
[ ] FedEx                     Colin M. Simpson
[ ] Hand-Delivery        Burg, Simpson, Eldredge, Hersh & Jardine, PC
[ ] Facsimile              1135 14th Street
[ ] Email                     P.O. Box 490
[X] ECF Electronic filing   Cody, WY  82414

[ ] U.S. Mail                  Brian J. Marvel
[ ] FedEx                     Scott E. Ortiz
[ ] Hand-Delivery        Williams, Porter, Day, Neville, P.C.
[ ] Facsimile              P.O. Box 10700
[ ] Email                     Casper, WY  82602
[X] ECF Electronic filing

[ ] U.S. Mail                  Paul Kapp
[ ] FedEx                     George E. Powers, Jr.
[ ] Hand-Delivery        Sundahl, Powers, Kapp & Martin, LLC
[ ] Facsimile              1725 Carey Avenue
[ ] Email                     P.O. Box 328
[X] ECF Electronic filing   Cheyenne, WY  82003-0328

/s/ Eric N. Peterson
Christopher C. Voigt
Eric N. Peterson
Crowley Fleck PLLP
P.O. Box 2529
Billings, MT 59103-2529
Attorneys for Defendant Jeffrey Hansen, M.D.

*BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT JEFFREY HANSEN M.D. FOR LACK OF SUBJECT MATTER JURISDICTION - Page 8*