Mel C. Orchard, III; orchard@spencelawyers.com
Robert A. Krause; krause@spencelawyers.com
Elizabeth A. Richards; richards@spencelawyers.com
Sarah A. Kellogg; kellogg@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street, P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290
(307) 733-5248 Fax

William L. Simpson; bsimpson@skelaw.com
Larry B. Jones; ljones@skelaw.com
Colin M. Simpson; csimpson@skelaw.com
BURG, SIMPSON, ELDREDGE, HERSH & JARDINE, PC
1135 14th Street, P.O. Box 490
Cody, Wyoming 82414
(307) 527-7891
(307) 527-7897 Fax

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF WYOMING

| | |
|---|---|
| MICHELLE OLIVER,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY HANSEN, M.D., and POWELL VALLEY HEALTH CARE, INC.,<br><br>    Defendants. | Civil No. 14 CV 168-S<br><br>**Plaintiff's Response in Opposition to Defendant Dr. Jeffrey Hansen's Motion to Dismiss** |

Plaintiff, Michelle Oliver, by and through her counsel, Mel C. Orchard, III, Robert A. Krause, Elizabeth A. Richards, and Sarah A. Kellogg of THE SPENCE LAW FIRM, LLC, and William L. Simpson, Larry B. Jones, and Colin M. Simpson, of BURG, SIMPSON, ELDREDGE, HERSH & JARDINE, PC, hereby files her response in opposition to Defendant Dr. Jeffrey Hansen's Motion to Dismiss, and states as follows:

## I.    INTRODUCTION

Although Plaintiff Michelle Oliver was hoping for a speedy resolution of this case, she has no reason to question Dr. Hansen's assertion that he is a citizen of Montana.  Because Ms. Oliver cannot fill her burden of demonstrating complete diversity at the time that Dr. Hansen was joined, this case should be dismissed underlined entirely for lack of subject matter jurisdiction.  *See Conagra Foods Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1182 (10th Cir. 2015) ("[T]he party invoking federal jurisdiction bears the burden of proof.").  The Court should not (and cannot) cure this defect by dismissing only Dr. Hansen because the Court has already determined that Dr. Hansen should be included in this case under Rule 19.

A brief discussion of the procedural background in this case is helpful.  On August 15, 2014, Ms. Oliver filed her Complaint.  *Doc 1, Complaint and Jury Demand.*  The original Complaint only named HealthTech Management Services, Inc. ("HealthTech") and William D. Patten.  Defendants Dr. Jeffrey Hansen and Powell Valley Healthcare, Inc. ("PVHC") were not named because Ms. Oliver's claims against them were still under review with the Wyoming Medical Review Panel (WMRP).  On November 6, 2014, HealthTech and Mr. Patten filed a motion to dismiss without prejudice or to stay the proceedings until Dr. Hansen and PVHC could be joined.  *Doc. 9, Defendants' Motion to Dismiss*.  This Court agreed with HealthTech and Mr. Patten and on December 15, 2014, the Court ordered the proceedings be stayed until resolution of the WMRP.  *Doc. 16, Minute Order.*  The Court stated orally that Dr. Hansen was a necessary party and that proceeding in his absence was inappropriate under Rule 19.

During the April 2, 2015 Initial Pretrial Conference before Magistrate Mark L. Carmen the parties discussed the issue of Dr. Hansen's citizenship.  *Doc. 43, Order on Initial Pretrial Conference.*  Counsel for Dr. Hansen represented that Dr. Hansen had acquired citizenship in

Montana prior to January 14, 2015 (the date that he was added to this case).  *Doc. 42, Minutes: Initial Pretrial Conference.*  The Court ordered Dr. Hansen to file a motion for dismissal, which he did shortly thereafter.  *Doc. 45, Dr. Hansen Motion to Dismiss.*  Plaintiff's counsel indicated that Ms. Oliver would most likely agree to dismissal but would like to better understand the factual basis for Dr. Hansen's alleged Montana citizenship.  *Doc. 42.*

Dr. Hansen's motion to dismiss sets forth the following facts bearing on his citizenship:

- Dr. Hansen "separated" form PVHC in December of 2013.  *Doc. 46*, at 2.

- In the spring of 2014 Dr. Hansen placed his house in Wyoming for sale.  *Id.*

- On November 11, 2014, Dr. Hansen sold his house in Powell and moved to Bozeman, MT.  *Id.*  He had all of his mail forwarded to his new address.  *Id.*

- Dr. Hansen intends to remain domiciled in Montana indefinitely and considers himself a citizen of Montana.  *Id.*

Although Ms. Oliver was expecting a more extensive factual explanation, she finds Dr. Hansen's representations to be credible, and will not waste the parties' time conducting fact discovery. She will elect to re-file in state court.

## II.   ANALYSIS

To establish diversity jurisdiction in the federal courts, opposing parties must be "citizens of different states."  28 U.S.C.A. § 1332.  Where there are multiple defendants, **complete diversity** is required.  *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) ("Since *Strawbridge v. Curtiss*, 3 Cranch 26, 2 L.Ed. 435 (1806), we have read the statutory formulation 'between…citizens of different states' to require **complete diversity** between all plaintiffs and all defendants.").  The party asserting diversity jurisdiction, has the burden of demonstrating diversity by a preponderance of the evidence.  *Conagra Foods Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1182 (10th Cir. 2015) ("Because the jurisdiction of federal courts is limited, there

is a presumption against federal jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.") (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).

There is only one exception to the general rule that diversity is determined at the time of filing — and that exception does not apply in this case. *See Ravenswood Inv. Co., L.P. v. Avalon Corectional Services*, 651 F.3d 1219 (10th Cir. 2011). Rule 21 gives district courts the **discretion** to cure a diversity defect by dismissing the non-diverse party when their presence is not "essential to a just and meaningful adjudication." *Jett v. Phillips and Associates*, 439 F.2d 987, 989-990 (10th Cir. 1971); *see* Fed. R. Civ. P. 21 ("On a motion or on its own, the court **may** at any time, on just terms, add or drop a party.") (emphasis added); *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832 (1989) ("it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Lenon v. St. Paul Mercuriy Ins. Co.*, 136 F.3d 1365 (10th Cir. 1998) (quoting *Newman-Green, Inc*). The court does not have discretion to dismiss the non-diverse party when a party is "indispensible" under Rule 19(b). *Lenon*, 136 F.3d at 1371 (explaining that the court's discretion under Rule 21 "is circumscribed, however, by Rule 19(b) because the court cannot proceed without indispensable parties.").

This Court has already held that this case should not be resolved in Dr. Hansen's absence. *Doc 16* (minute sheet granting Defendants' motion to dismiss without prejudice or stay proceedings"). At the time of this ruling, December 15, 2014, Dr. Hansen could not feasibly be joined because the WMRP claims were unresolved. *See* W.S. § 9-2-1518 ("Unless submission to the panel is waived in accordance with W.S. 9-2-1519(a), no complaint alleging malpractice shall be filed in any court against a health care provider before a claim is made to the panel and

its decision is rendered.").   Therefore the Court implicitly determined that Dr. Hansen was not only a necessary party, but also an indispensible party under Rule 19(b).   *See* Fed. R. Civ. P. 19 (b) (governing how a court may act when joinder is not feasible).   Accordingly the court does not have the discretion to dismiss Dr. Hansen under Rule 21 and cannot cure the subject matter jurisdiction defect.   Even if the court had this discretion, however, it would be an abuse of discretion to allow Dr. Hansen to be dismissed after ordering Dr. Hansen's joinder under Rule 19 in the first place.   *See Echols v. OMNI Medical Group, Inc.*, 751 F.Supp.2d 1214, 1215 (N.D. OK. 2010) (The Supreme Court has stated that "Rule 21 'authority should be exercised sparingly' and that the court should 'carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation.'") (quoting *Newman-Green, Inc.*, 490 U.S. at 838).

### III.   CONCLUSION

Ms. Oliver accepts Dr. Hansen's representation that he is a citizen of Montana.   This Court should rule that its subject matter jurisdiction was destroyed on January 14, 2015, when Dr. Hansen was joined and should dismiss this case entirely.

Dated this 23rd day of April 2015.


/s/ Mel C. Orchard, III
Mel C. Orchard, III (WSB # 5-2894)

5

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served upon the following, as indicated below on this 23rd day of April 2015, and addressed as follows:

| | |
|---|---|
| George Powers, Paul A. Kapp | ___ U.S. Mail, Postage Prepaid |
| SUNDAHL, POWERS, KAPP & MARTIN, LLC | ___ Hand Delivery |
| P.O. Box 328 | ___ Overnight Mail |
| Cheyenne, WY 82003 | ___ Facsimile |
| | _X_ CM/ECF Electronic Filing |

*Attorneys for Defendants HealthTech and William Patten*

| | |
|---|---|
| Christopher Voigt, Eric Peterson | ___ U.S. Mail, Postage Prepaid |
| CROWLEY FLECK, P.L.L.P | ___ Hand Delivery |
| Transwestern Plaza II, Suite 500 | ___ Overnight Mail |
| 490 North 31st St | ___ Facsimile |
| P.O. Box 2529 | _X_ CM/ECF Electronic Filing |
| Billings, MT 59103 | |

*Attorneys for Defendants Dr. Hansen*

| | |
|---|---|
| Brian J, Marvel, Scott E. Ortiz | ___ U.S. Mail, Postage Prepaid |
| Williams, Porter Day & Neville, P.C. | ___ Hand Delivery |
| P.O. Box 10700 | ___ Overnight Mail |
| Casper, WY 82602 | ___ Facsimile |
| | _X_ CM/ECF Electronic Filing |

*Attorneys for Defendants Powell Valley Health Care, Inc.*

/s/ Mel C. Orchard, III
Mel C. Orchard, III (WSB # 5-2894)
*Attorney for Plaintiff*

6